**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MOSES LLOYD CHAMPAGNE, | No. 12-35681 |
| Plaintiff - Appellant, | D.C. No. 4:11-cv-00060-SEH |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted May 27, 2014[**]

Before:     D. NELSON, LEAVY, and THOMAS, Circuit Judges.

Moses Lloyd Champagne appeals the district court's judgment affirming the

Commissioner of Social Security's decision denying his application for

supplemental security income under Title XVI of the Social Security Act.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Champagne contends that the administrative law judge ("ALJ") erred in rejecting his treating physicians' objective findings and opinions, and in finding his subjective complaints not fully credible. He also contends that the ALJ erred in failing to find that a vocational expert's testimony established that Champagne's limitations precluded him from performing substantial gainful activity. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's order de novo. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). We may set aside the denial of benefits only if it is not supported by substantial evidence or is based on legal error. *Id.*

The ALJ reasonably weighed the medical evidence of Champagne's physical limitations and found him capable of a reduced range of sedentary work despite his back and ankle impairments. The ALJ reviewed the medical evidence in the record, including the treatment notes of Champagne's providers and the medical source opinions of Dr. Roland Morrell, the consultative examiner, and Dr. John Cey, the state agency physician. *See Molina*, 674 F.3d at 1111. Champagne's contention that the ALJ disregarded his treaters' opinions about his limitations lacks merit, because none of the treating providers gave an opinion regarding his functional limitations. Moreover, Champagne identified no additional medically

2

necessary limitation that should have been included in the residual functional capacity. *See Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

The ALJ also reasonably discounted Champagne's subjective complaints regarding the intensity, persistence and limiting effects of his symptoms. The ALJ offered valid, specific, and clear and convincing reasons to find that Champagne's subjective complaints of disabling limitations and inability to work were not confirmed by the objective reports of his medical providers, that Champagne's description of activities exceeded his claimed limitations, and that Champagne's daily activities were inconsistent with his allegations. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).

The ALJ reasonably assessed the testimony of vocational expert Karen Black. Based on the ALJ's hypothetical, which incorporated medical assumptions and Champagne's limitations supported by the record, Black identified several jobs in the national economy. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). Substantial evidence supports the ALJ's determination that the Commissioner carried his burden to prove that Champagne can engage in work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4)(v); *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

**AFFIRMED.**

3